IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| TAMI MURPHY, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 08-2760 |
| ) | |
| v. ) | |
| ) | |
| SOUTHWEST TENNESSEE COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendant Southwest Tennessee Community College's ("STCC") April 6, 2008, Motion to Dismiss. See Fed. R. Civ. P. 12(b)(6). Defendant argues that the majority of the allegations contained within Plaintiff Tami Murphy's Amended Complaint alleging employment discrimination occurred outside the three hundred-day statute of limitations period. See 42 U.S.C. § 2000e-5(e)(1). Defendant further alleges that the allegations that are within the limitations period fail to state a claim for relief. (Defendant's Memorandum in Support of Its Motion to Dismiss at 1.) ("Def's. Memo") Because Plaintiff filed her suit within the applicable statute of limitations period and Plaintiff has met her burden at this early stage, the Court DENIES the Motion to Dismiss.

I.   BACKGROUND

Murphy currently serves as a tenured associate professor in developmental studies at STCC, where she has worked since 1989. (Amended Compl. ¶ 10.)[1]  Murphy teaches five sections of developmental mathematics at STCC. (Id. ¶ 11.)  In 2003, Murphy filed her first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that STCC had discriminated against her on the basis of her race and gender.  The EEOC investigated Murphy's charges and issued a "Right to Sue Notice" in September 2003.  Murphy did not file suit against STCC. (Id. ¶ 12.)

Murphy alleges that, following the EEOC's issuance of the Right to Sue Notice, officials and fellow employees at STCC began to "harass[], ridicule[], and retaliate[]" against her because she had filed the initial discrimination charge. (Id. ¶ 13.)  Specifically, Murphy asserts that in March 2004, STCC's Dean of Business and Career Technology, Ted Along, announced that Murphy was "unqualified to teach Developmental Math" in a seminar attended by STCC faculty, staff, and students. (Id. ¶ 13a.)  Murphy also alleges that her efforts to have proposed distance learning courses approved ran into significant procedural hurdles.  A male departmental colleague had his

---

[1] All citations to the Complaint are to the "Corrected Amended Complaint" filed on March 27, 2009. (See Dkt. No. 12.)

2

courses approved promptly although he had not received the required training and completed the peer-review process. (Id. ¶ 13c.) By contrast, STCC required Murphy to attend training sessions and have her course materials peer-reviewed. (Id.) Administrators' refusal to approve her proposed distance learning courses caused her to receive less pay. (Id.) Murphy asserts that in August 2007 STCC declined to allow her to transfer from the developmental studies department to the mathematics department, preventing her from having access to better career opportunities. (Id. ¶ 13d.) STCC granted two male professors transfers to the mathematics department on August 17, 2007. (Id.) Murphy also alleges that various college officials have been rude to her and have written her up on "frivolous complaints." (Id. ¶ 13e.) After several STCC offices flooded in April 2005, Murphy's office became "full of mold." Although STCC cleaned other offices, Murphy alleges that it delayed cleaning her office until May 2007. (Id. ¶ 13h.)

As further evidence of the hostile work environment she faced at STCC, Murphy asserts that the chair of her department, Dr. Cleaves[2], has screamed at her in meetings and ridiculed her credentials to teach. (Id. ¶ 14.) Murphy claims that, in a meeting with Dr. Cleaves after the first EEOC charge, Cleaves asked her, "So what did that get you?  Where are they now? . . .

---

[2] The Amended Complaint does not reveal Dr. Cleaves' given name.

3

I guess you will just have to keep going outside the school for some more help." (Id. ¶ 15a.)

Other administrators allegedly made similar comments. At the Fall 2008 convocation, STCC Director of Human Resources Paul Thomas addressed the faculty and announced that "someone" would soon sue STCC and that the costs of defending STCC from the suit could cause others to "lose their jobs." (Id. ¶ 16.) STCC's President, Dr. Nate Essex, addressed the same convocation and "ranted and raved" about employees' going around the college's internal complaint procedures. (Id. ¶ 17.) Murphy, however, asserts that she had tried to go through internal procedures and found Thomas and Cleaves unresponsive. Cleaves warned Murphy never to "go outside the school" with her allegations. (Id. ¶ 18.)

Murphy filed suit on November 3, 2008, under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that STCC had created a hostile work environment on the basis of her gender and had retaliated against her. See 42 U.S.C. §§ 2000e-2 – e-3. She seeks a judgment declaring that STCC violated Title VII, compensatory damages of $300,000 plus all back pay and benefits due her, and reasonable attorneys' fees. (Amended Compl. at 12.) STCC has filed its Motion to Dismiss to contest the sufficiency of Murphy's Amended Complaint.

4

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has original jurisdiction over Plaintiff's federal claims under the general federal question jurisdiction conferred by 28 U.S.C. § 1331. In addressing a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.) Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting

Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

### III. ANALYSIS

#### A. Murphy Filed Her Complaint Within the Limitations Period

STCC argues in its Motion that most of Murphy's allegations fall outside the statute of limitations period and that this Court may not consider them as evidence of discrimination or retaliation. (Def.'s Mot. at 1-4.) Where the complainant is from a state, such as Tennessee, that has an agency empowered to grant relief for charges of discrimination, a party has three hundred days from the date of notice of the alleged unlawful employment practice to file a complaint with the EEOC. 42 U.S.C. § 2000e-5(e)(1). A claim not filed within this time period is forever barred. See AMTRAK v. Morgan, 536 U.S. 101, 109 (2002).

Here, it is undisputed that Murphy filed her second complaint with the EEOC on September 17, 2007. Thus, November 21, 2006, marks the outer limit of the three-hundred-day period. (Def.'s Memo at 2; Plaintiff's Memorandum in Opposition at 2.) STCC notes that many of the allegations contained in Murphy's Amended Complaint occurred years before November 21, 2006. (See, e.g., Amended Compl. ¶¶ 13a-c (events took place in 2004), 13f (2005).) If Murphy's Amended Complaint rested on allegations of individual acts of discrimination, these claims would be barred. 42 U.S.C. § 2000e-5(e)(1); Morgan, 536 U.S. at 112 (noting that each discrete act must have occurred within the three-hundred-day period).

Murphy, however, asserts a hostile work environment claim based on theories of gender discrimination and retaliation. Addressing hostile environment claims, the Supreme Court has explained, "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Morgan, 536 U.S. at 117 (emphasis added). All Murphy must demonstrate to have all of the acts alleged in her Amended Complaint considered is that one act forming part of her claim occurred within the three-hundred-day period before she filed her EEOC complaint. Id. STCC admits that Murphy has alleged several events that occurred

7

after November 21, 2006, as part of her Amended Complaint. (See Def.'s Memo at 2 (citing Amended Compl. ¶¶ 13d, g, h).) Because Murphy's Amended Complaint alleges events that occurred within the limitations period, the Court may consider all of the events Murphy alleges. Morgan, 536 U.S. at 117. The Court, therefore, DENIES Defendant's Motion to Dismiss as it relates to the statute of limitations.

### B. Plaintiff's Amended Complaint States a Cause of Action

STCC's second argument is that Plaintiff has failed to plead facts sufficient to state a cause of action for a hostile work environment based on gender or for retaliation. (Def.'s Memo at 2-5.) Defendant bases its argument on the premise that the Court cannot properly consider several of Murphy's factual allegations because they fall outside the limitations period – an argument the Court has rejected. (See id. at 2.) Examining all of the facts alleged and taking them as true, League of United Latin Am. Citizens, 500 F.3d at 527, the Court finds that Murphy has stated a plausible claim for relief. See Twombly, 550 U.S. at 570. Whether the claim can survive the totality of the circumstances test is a decision best left for a motion for summary judgment. See generally Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993) (listing some of the elements courts may consider).

**IV. CONCLUSION**

The Court finds that Plaintiff filed suit within the time period allowed by the statute of limitations and that she has pled sufficient facts to state a plausible claim for relief. The Court, therefore, DENIES Defendant's Motion to Dismiss.

So ordered this 17th day of February, 2010.

                                       s/ Samuel H. Mays, Jr.
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT JUDGE